Scott, J.
By the terms of the mortgage, in this case, the notes which it was intended to secure all became due upon the first default, at the same time. It seems therefore ^conceded by ■counsel on both sides, that under the ruling in the case of The Bank of the United States v. Covert, 13 Ohio, 240, the fund arising from the sale of the mortgaged premises being insufficient to discharge .all the notes, must be distributed among them pro rata, unless the terms of the assignment, or the circumstances under which it was made, show a different intention of the parties. There is no evidence •outside of the written contract of assignment, and the rights of the parties must therefore depend on the proper construction of its terms. The fund is insufficient to discharge the portion of the debt •owned by either of the parties, and the whole of it is claimed by the assignor and the assignees, respectively.
We think it clear from the language of the assignment, that all the mortgage debt Was thereby transferred to the assignees, except that portion of it which was evidenced by the note for $768.64, payable to Winans six months after date; and it is equally clear that the proceeds of that note, and its accruing interest, were excepted from the operation of the assignment, and reserved or retained by the mortgagee.
*272 This assignment was indorsed upon the mortgage, which was-also transferred, but with a corresponding exception. The mortgagee assigns “ the within indenture of mortgage and premises therein described, . . . together with the rights, members, and appurtenances, to the within-mentioned and described lot of land and premises belonging, and all my estate, right, title, and interest therein, except as aforesaid." It is manifest from this language that the mortgagee did not intend to part with all his interest in the' mortgaged premises, for in the grant of that interest he makes an express exception, which we are not to disregard. Had there been no express assignment of the mortgage, by retaining one of the notes and transferring the other three (the whole four notes falling' due at the same time), the mortgagee would at least- retain a prorata interest in the security, in the absence of any agreement to* *the contrary. And we think the assignment of the mortgage, with an express exception of the interest in the mortgaged premises resulting from the reservation of one of the notes, places-the mortgagee in no worse condition. By the clause “ except as aforesaid,” he must be understood as making an exception in the transfer of the security, corresponding with that already made in assignment of the debt.
On the other hand, we find nothing in the assignment of a portion of the debt, and a correspondent interest in the security, with-an express reservation of the residue, both of debt and security,, which can give the assignor a preference, in respect to the security, over the assignees. There is nothing in the natural import of the-terms of the assignment indicating an intention either to postpone or prefer the sums assigned, and the security for their payment, to-the sum excepted from the operation of the assignment, and its security. It is probable that the insufficiency of the security was not anticipated by the parties; at least they have failed to provide-for it. And in such a case equality is the rule of equity.
A pro rata distribution of the fund will therefore be ordered, according to the proportions of the mortgage debt held by the respective parties.
Brinkerhoee, C. J., and Sutliee, Peck, and G-holson, JJ., concurred.